SAMUEL GLASS *et al.*, plaintiffs in error, *vs.* GEORGE E. CLARK, defendant in error.

A bill was filed against G. E. Clark and G. W. Morgan, as tenants in common, to enjoin the erection of a mill-dam and to abate the same, and the mill pond, as a nuisance. The injunction was refused by the chancellor, and the bill is still pending. In the meantime, another bill was filed against Clark, individually, charging that the dam had been washed away, that complainants had agreed for value with the counsel for Clark, and by Clark's authority, that a decree might be taken on the first bill, perpetually enjoining the defendants from erecting the dam; that Clark was disregarding the said agreement, and was repairing and erecting the dam, and that Morgan had no further interest in the mill, having sold to Clark. The last bill prayed for a specific performance of the contract with Clark, and in the meantime for an injunction against him. It appeared on the hearing of this second application for an injunction that Morgan's interest in the property had been assigned as a homestead for his wife and children :

*Held*, that the chancellor was not in error in refusing the injunction, as Morgan was not a party, the more especially as the testimony was conflicting as to Clark being the sole owner.

Injunction. Party. Specific performance. Before Judge CLARK. Sumter county. At Chambers. September 21st, 1874.

The facts of this case are sufficiently reported in the above head-note.

R. F. LYON; HAWKINS & HAWKINS; JACK BROWN, for plaintiffs in error.

N. A. SMITH; C. T. GOODE, for defendant.

TRIPPE, Judge.

The second bill was against Clark individually. The contract it seeks to enforce was made with Clark. That contract involved a disposition of the case made by the first bill to which Morgan was a party. Morgan had a right to be heard upon the question as to his interest. It furthermore appeared that Morgan's interest in the property had been assigned as a

homestead for his wife and children.    The testimony was also conflicting upon the point as to Clark being the sole owner. Surely, a specific performance of a contract with Clark, and a decree under that contract restraining Morgan from the use of property in which the original bill charged he had an interest, and to which bill he was a party, could not be granted, unless Morgan was a party to the proceedings in which such a decree was sought.    Under this view, and more especially as there was contradictory testimony as to Clark's having the title to the whole property, and that, too, without a right on the part of Morgan to be heard, we cannot say there was error in the refusal of the injunction prayed for.

Judgment affirmed.